IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ROY ELLIS, | § | |
| TDCJ #1138433, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1068 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**ORDER TO TRANSFER**

The petitioner, Robert Roy Ellis, is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Ellis has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge two state court convictions. Specifically, he challenges felony convictions for aggravated robbery and aggravated assault in cause numbers 02-CR-15776 and 02-CR-15777 that were entered against him on November 7, 2002, in the 123rd Judicial District Court of Shelby County, Texas. Because Ellis plainly challenges convictions entered in another district, this Court concludes that the Houston Division is not the appropriate venue and that this case should be transferred for the reasons set forth below.

Ellis is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district. Accordingly, his petition is governed by 28 U.S.C. § 2241(d), which determines jurisdiction as follows:

Where an application for a writ of habeas corpus is made by a person in

> custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has clarified that, under this statute, a petitioner may seek habeas corpus relief *only* in the district in which his state court conviction was entered, or the district within which he is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Ellis indicates that he is presently confined at the Ellis Unit, which is a prison facility within this division. The underlying convictions that Ellis seeks to challenge, however, has no ties to Houston or the Southern District. In that regard, the challenged convictions were entered in Shelby County, which is located within the United States District Court for the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6).

A district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). Should a hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceeding are more likely to be found in the county where the judgment was entered. Accordingly, the Court concludes that justice would be better served if this case were transferred to the district where the state court which convicted and sentenced the petitioner is located. *See Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991) (noting that accessibility of evidence and witnesses are grounds for changing venue

to a more convenient forum); *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir.) (same), *cert. denied sub nom. Bell v. Thigpen*, 464 U.S. 843 (1983).

Therefore, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Clerk of the United States District Court for the Eastern District of Texas, Lufkin Division.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **March 31, 2006.**

_____
Nancy F. Atlas
United States District Judge